UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRIS CONWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:24-cv-01929-SEB-TAB |
| ) | |
| TRENT ALLEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Chris Conwell's petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case ISR 24-05-1481. For the following reasons, his petition is denied, and this action is dismissed with prejudice.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On May 22, 2024, investigator M. Kiersznowski charged Mr. Conwell with offense B-231, intoxicating substance, in case ISR 24-05-1481. Dkt. 13-1. The report of conduct states:

> On 5/22/2024, I Investigator M. Kiersznowski conducted a cell search of GHC-4C-1 which currently houses Incarcerated Individual (II) Conwell, Christopher 198352. At approximately 10:05am during the search, I found an empty deodorant can with one bindle inside containing an unknown substance. II Conwell also had an empty deodorant can with four bindles inside containing an unknown substance. During the search, I also found a book with multiple strips of brown paper inside suspected to be drug-laced. Based on my training, knowledge, and experience as an Investigator, the previously mentioned actions meet the criteria for violation B231 Making, receiving, giving, transferring, trading or any other manner moving from one person to another, or possessing an intoxicating substance or being under the influence of any intoxicating substance (e.g. alcohol, inhalants, or chemical-soaked paper).

*Id.*

The search was captured on video, and the video evidence review states:

> I Sgt. J. Womack reviewed video footage for case ISR 24-05-001481. At 9:43am, Investigator Kiersznowski enters the 4C range, opens the cell cuff port, and places mechanical restraints on the I.I. inside the cell. Once the door opens the individual can be identified as I.I. Conwell, Christopher #198352. At 9:43a.m. OII Kiersznowski enters cell 1-4c and begins a cell search. The search continues until 11:09am when OII Kiersznowski exits the cell holding a number of items. At 11:13am OII Sommers places I.I. Conwell back into his cell.

Dt. 13-8.

The screening officer notified Mr. Conwell of the charge in ISR 24-05-1481 on June 19, 2024, and provided Mr. Conwell with copies of the report of conduct and the notice of disciplinary hearing. Dkt. 13-5. Mr. Conwell pled not guilty and requested "drug test results for these items" and a video review. *Id.* Mr. Conwell did not request any witnesses, but he asked the question: "How did you conduct this test and where." *Id.*

2

Investigator M. Sommers examined the items found in Mr. Conwell's cell. Dkts. 13-1, 13-4. The Evidence Examination Results form states that one of the items found in Mr. Conwell's cell was Suboxone, a schedule III controlled substance. Dkt. 13-4 at 1. Investigator Sommers based this determination on the markings or remnants of markings on the item. *Id.* Investigator Sommers tested another item with a drug testing kit and found it to be positive for methamphetamine and fentanyl. Dkt. 13-4 at 2. Investigator Sommers issued a Suspicious Controlled Substance Confirmation regarding the five strips of paper, which states that based on her training and experience, she could not rule out that the items were contaminated with an intoxicant or other synthetic compound to be used as a drug because of the packaging and the texture of the five strips of paper. Dkt. 13-3. Pictures were taken of the items. Dkt. 13-2.

On July 23, 2024, the disciplinary hearing officer (DHO) held a hearing in case ISR 24-05-1481. Dkt. 13-7. The text in the offender comment box states: "They stole my book. The drug test says pink. What they took out of my cell was purple. I'm a victim of speculation. They had 24 hours if they tested it but on the conduct report it states, 'unknown substance.' They jumped the gun. Policy says that the results of the test should be in the conduct report. It was Koolaid. I.I. has a stash of drugs." Dkt. 13-7 at 5.

The DHO considered the staff reports, Mr. Conwell's statement, the drug tests, and the video evidence. *Id.* The DHO found Mr. Conwell guilty of offense A-202, possession or use of a controlled substance or controlled substance analog, and imposed the following relevant sanction: a 60-day credit time deprivation. *Id.* The DHO stated: "The drug test results are attached with the conduct, OII also conducted another drug test showing these were intoxicating substances. These items were clearly taken out if this I.I.'s cell based on the video review." *Id.*

Mr. Conwell's appeals were denied and this habeas action followed.

### III. Discussion

Mr. Conwell brings a single claim, challenging the sufficiency of the evidence. Dkt. 2 at 3-4. Mr. Conwell argues that the investigator's report said only that she "couldn't rule out" that the item is not contaminated with an intoxicant. Dkt. 2 at 3, citing dkt. 13-3. He also contends that the conduct report was speculative because it said that the officer "found a book with multiple strips of brown paper inside suspected to be drug-laced." Dkt. 2 at 3, citing dkt. 13-1. At most, he argues, the confiscated items were rolling papers, which should have been a level C offense.

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same).

In this case, the investigator's examination of the papers and the drug test results provided ample evidence to support the charge that Mr. Conwell possessed a controlled substance. Mr. Conwell's challenge to the evidence lacks merit.

To the extent Mr. Conwell further argues that the conduct report failed to give him adequate notice of the facts alleged, this claim fails as well. A prisoner has a right to notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)). "The notice

4

requirement permits the accused to gather the relevant facts and prepare a defense." *Northern,* 326 F.3d at 910.

In this case, the conduct report described the contraband (bindles containing unknown substances and multiple strips of brown paper) and where the contraband was found (hidden in Mr. Conwell's cell in empty deodorant cans and in a book). Dkt. 13-1. The conduct report informed Mr. Conwell of the charge and the rule allegedly violated. *Id.* Even though subsequent drug tests verified the type of contraband, there was adequate information provided in the conduct report itself to enable Mr. Conwell to prepare his defense.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Conwell to the relief he seeks. Accordingly, Mr. Conwell's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 11/20/2025

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRIS CONWELL
198352
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov